UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WILLIAM MISIEWICZ,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>STATE OF NEVADA,<br><br>　　　　　　Defendant. | Case No. 2:13-cv-01419-MMD-VCF<br><br>ORDER |

This removed prisoner civil rights case comes before the Court on plaintiff's motions (dkt. nos. 12-14) seeking temporary and preliminary injunctive relief, on his motion (dkt. no. 5) for appointment of counsel, and for initial review of the original and supplemental complaints (dkt nos. 1-2 & 11).

**I.　MOTIONS FOR TEMPORARY AND PRELIMINARY INJUNCTIVE RELIEF**

According to his motions, plaintiff William Misiewicz alleges that he currently is held in protective custody at High Desert State Prison ("High Desert"). He asserts that a classification hearing was held on July 22, 2013, to determine his eligibility for placement in a minimum custody facility. During the hearing, per the request of the caseworker, Misiewicz signed a waiver allowing his removal from protective segregation to general population. Thereafter, on October 17, 2013, Misiewicz was notified that he was denied minimum custody placement but was approved for placement in general population. Plaintiff seeks, in principal part, an injunction ordering correctional officials "to transfer plaintiff to a minimum custody facility as deemed appropriate and

[restraining correctional officials] from sending plaintiff to another prison for the purpose of placing him within general population unless it's to a minimum facility." (Dkt. no. 11, at electronic docketing page 6.)

The requests for temporary and preliminary injunctive relief will be denied on the showing made.

At the outset, plaintiff's conclusory assertion that "[i]t is very likely that plaintiff will be injured if sent into general population" – except for general population in a facility of the type to which he desires to be sent – strains credulity and fails to demonstrate irreparable injury.

Petitioner otherwise has failed to demonstrate on the showing made a substantial likelihood of success on the merits.

Plaintiff has no constitutionally protected right to a particular classification or to be housed in one particular facility rather than another. *See, e.g., Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir.1987). There is no liberty interest in a particular classification protected by the procedural due process guarantee of the Fourteenth Amendment. Plaintiff, in any event, was provided a classification hearing. Alleged violations of prison policy or regulations otherwise do not give rise to a viable federal due process claim.

There further is no viable equal protection claim presented on the allegations made, as plaintiff's allegation that he constitutes a protected "class of one" is frivolous on its face. Not every dissimilar treatment of allegedly similarly situated persons gives rise to a federal constitutional equal protection violation.

Finally, placing an inmate in one facility rather than another does not constitute cruel and unusual punishment in violation of the Eighth Amendment. Conclusory allegations that prison officials have been "deliberately indifferent" or malicious and/or have acted without lawful reason state no constitutional claim.

The motions seeking temporary and preliminary injunctive relief therefore will be denied on the showing made.

## II. MOTION FOR APPOINTMENT OF COUNSEL

There is no constitutional right to appointed counsel in a § 1983 action. *E.g., Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *opinion reinstated in pertinent part*, 154 F.3d 952, 954 n.1 (9th Cir. 1998)(*en banc*). The provision in 28 U.S.C. § 1915(e)(1), however, gives a district court the discretion to request that an attorney represent an indigent civil litigant. *See, e.g., Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."). Yet the statute does not give the court the authority to compel an attorney to accept appointment, such that counsel remains free to decline the request. *See Mallard v. United States District Court*, 490 U.S. 296 (1989). While the decision to request counsel is a matter that lies within the discretion of the district court, the court may exercise this discretion to request counsel only under "exceptional circumstances." *E.g., Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Id.* Neither of these factors is determinative and both must be viewed together before reaching a decision. *Id.*

The Court does not find that exceptional circumstances warrant requesting a private attorney to voluntarily represent plaintiff in this matter. The claims presented, including claims that disciplinary charges were filed in retaliation for plaintiff filing prison grievances, do not present claims with such a likelihood of success and/or complexity that would warrant a request for a private attorney to take the case. Plaintiff has demonstrated a more than adequate ability to articulate his claims *pro se*.

The motion for appointment of counsel therefore will be denied.

## III. SCREENING

Subsequent to the removal of the case to federal court, plaintiff presented a wholly handwritten supplemental petition (dkt. no. 11) that sets forth additional claims without carrying forward the original complaint. Now that the case is in federal court,

plaintiff must follow federal rules and procedures.  Under this Court's Local Rule LR 15-1(a), which the Court also applies to supplemental pleadings, the superseding pleading must be complete in itself without reference to prior pleadings.  In other words, each time that plaintiff files an amended or supplemental pleading, he must file a "stand alone" pleading that sets forth all of his continuing claims in the action.  He may not do as he has done here and file serial piecemeal pleadings each setting forth some but not all of his claims.

Further, under Local Rule LSR 2-1, an amended or supplemental pleading in a *pro se* civil rights action must be filed on the Court's required civil rights complaint form.

Plaintiff therefore must file a superseding pleading: (a) on the required form, and (b) stating all of the claims that he wishes to continue to pursue in this action in the one pleading.

### IV.  CONCLUSION

It is therefore ordered that plaintiff's motions (dkt. nos. 12-14) seeking temporary and preliminary injunctive relief are denied on the showing made.

It is further ordered that plaintiff's motion (dkt. no. 5) for appointment of counsel is denied.

It is further ordered that plaintiff shall have thirty (30) days within which to file an amended complaint on the Court's required form setting forth all of the claims that he intends to pursue in this action.  If plaintiff does not timely file a superseding pleading on the required form in response to this order, the noncompliant supplemental complaint (dkt. no. 11) will be stricken and the matter will proceed forward only on the original complaint filed in the state court prior to removal.

It is further ordered that, on any such amended complaint filed, plaintiff shall clearly title the amended complaint as an amended complaint by placing the word "AMENDED" immediately above "Civil Rights Complaint" on page 1 in the caption and shall place the docket number, No. 2:13-cv-01419-MMD-VCF, above the word "AMENDED" in the space for "Case No." Under Local Rule LR 15-1, any amended

complaint filed must be complete in itself without reference to prior filings. Thus, any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint no longer will be before the Court.

If an amended complaint is filed in response to this order, the Court will screen the amended pleading before ordering any further action in this case.

The Clerk shall send plaintiff a copy of the original complaint and supplemental complaints (dkt. nos. 1-2 & 11) that he submitted together with two (2) copies of a § 1983 complaint form and one (1) copy of the instructions for the form.

DATED THIS 30th day of October 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE