1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

9 | WILLIAM MISIEWICZ,

Case No. 2:13-cv-01419-MMD-VCF

10 |                                    Plaintiff,

ORDER

v.

11

STATE OF NEVADA,

12

13 |                                    Defendant.

14         This prisoner civil rights action comes before the Court for initial review of the

15  amended complaint (dkt. no. 17) under 28 U.S.C. § 1915A and on plaintiff's motion for

16  an extension of time (dkt. no. 27).

17  **I.      SCREENING**

18         When a "prisoner seeks redress from a governmental entity or officer or

19  employee of a governmental entity," the court must "identify cognizable claims or

20  dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous,

21  malicious, or fails to state a claim upon which relief may be granted; or (2) seeks

22  monetary relief from a defendant who is immune from such relief."  28 U.S.C. §

23  1915A(b).

24         In considering whether the plaintiff has stated a claim upon which relief can be

25  granted, all material factual allegations in the complaint are accepted as true for

26  purposes of initial review and are to be construed in the light most favorable to the

27  plaintiff.  *See, e.g., Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980).  However,

28  mere legal conclusions unsupported by any actual allegations of fact are not assumed

to be true in reviewing the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-81 (2009). That is, conclusory assertions that constitute merely formulaic recitations of the elements of a cause of action and that are devoid of further factual enhancement are not accepted as true and do not state a claim for relief. *Id.*

Further, the factual allegations must state a plausible claim for relief, meaning that the well-pleaded facts must permit the court to infer more than the mere possibility of misconduct:

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *[Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).]* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556 . . . . The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557 . . . (brackets omitted).
>
> . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Iqbal*, 556 U.S. at 678.

Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In the amended complaint, plaintiff William Misiewicz brings claims for damages and injunctive relief against, in their individual and official capacities, High Desert State Prison ("High Desert") Caseworkers Larry Treadwell and Duane Graham, Supervisor of Caseworkers Cary Leavitt, Correctional Officer Clark Marcy, Disciplinary Supervisor Lt. E. Burson, and Associate Warden Harold Wickham. Plaintiff additionally listed the State of Nevada, the Nevada Department of Corrections (NDOC), and Correctional Officer Mahon in the caption under defendants.

In Count I, plaintiff alleges that he was retaliated against for exercising his First Amendment right of access to the courts. He alleges that Caseworker Treadwell wrote two major disciplinary charges against him in retaliation for protected activity in an effort

1  to secure a parole denial. Misiewicz alleges in particular that Caseworker Graham

2  previously had been reprimanded for making derogatory statements in order to deny

3  plaintiff a lower custody level.  According to the complaint, Treadwell then made untrue

4  statements about plaintiff to the parole board in an effort to deny plaintiff release on

5  parole. Misiewicz filed a grievance about these statements, and he alleges that

6  Supervisor Leavitt told Treadwell about the grievance.  Plaintiff also alleges that he

7  wrote Treadwell telling him that if he did not correct the errors he would sue him.

8  Plaintiff alleges that Treadwell then filed two notices of charges against him for making

9  threats.  Plaintiff alleges that "the charges denied my lower custody [level] and denied

10 my parole release."

11      Count I is not cognizable in a federal civil rights proceeding because plaintiff's

12 retaliation claims allege that he was denied release on parole due to the alleged

13 unconstitutional activity.  Plaintiff instead first would have to overturn the parole denial in

14 another proceeding in order to present civil rights claims that necessarily call into

15 question his continued confinement. When a § 1983 plaintiff presents claims that

16 necessarily challenge the continuing validity of either the fact or duration of his

17 confinement, then his claims are not cognizable in the civil rights action "no matter the

18 relief sought (damages or equitable relief), [and] no matter the target of the prisoner's

19 suit . . . *if* success in that action would necessarily demonstrate the invalidity of

20 confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) (emphasis in

21 original). A § 1983 plaintiff seeking to challenge the continuing validity of his

22 confinement or the duration thereof first must establish that the confinement has been

23 declared invalid by a state tribunal authorized to make such a determination, expunged

24 by executive order, or called into question by the grant of a federal writ of habeas

25 corpus. *Heck*, 512 U.S. at 486-87.  As the Ninth Circuit has recognized, "[f]ew things

26 implicate the validity of continued confinement more directly than the allegedly improper

27 denial of parole." *Butterfield v. Bail*, 120 F.3d 1023, 1024-25 (9th Cir.1997).

28 ///

3

1    In Count II, plaintiff alleges that he was denied due process of law in violation of
2   the Fourteenth Amendment when proper procedures allegedly were not followed during
3   the disciplinary process. He alleges in particular that: (a) Correctional Officers Marcy
4   and Mahon read his outgoing mail allegedly in violation of NDOC administrative
5   regulations; (b) Mahon  wrote allegedly false disciplinary charges against him for the
6   content of one of his letters; (c) plaintiff was not served with the charges for three-and-a-
7   half months until after he asked Supervisor Leavitt for a minimum custody level, with the
8   delay allegedly harming his ability to defend the charges; (d) Disciplinary Supervisor Lt.
9   Burson thereafter failed to act as an impartial fact finder, failed to produce the document
10   upon which the charge was based, failed to allow plaintiff to call witnesses, and relied
11   solely on Mahon's statement; and (e) plaintiff spent 108 days in punitive segregation
12   before the warden expunged the disciplinary conviction.

13    Count II does not state claim for relief under the Due Process Clause. As a
14   threshold requirement, plaintiff first must establish that he was denied a protected liberty
15   interest in order to present a potentially viable procedural due process claim.  That is, if
16   the plaintiff was not deprived of a protected liberty interest in the first instance, then he
17   can present no viable constitutional challenge regarding the procedures followed. State
18   administrative regulations regarding the conduct of a prison disciplinary proceeding do
19   not create a constitutionally protected liberty interest in compliance with their
20   procedures. *See Sandin v. Conner*, 515 U.S. 472, 480-84 (1995). Moreover, being
21   subjected to disciplinary segregation, which mirrors the conditions of administrative
22   segregation and protective custody, in and of itself does not give rise to a liberty interest
23   protected by procedural due process guarantees.  *See, e.g., Sandin,* 515 U.S. at 485-
24   86. Segregation confinement gives rise to a protected liberty interest only if the
25   conditions of the confinement constitute an atypical and significant hardship in relation
26   to the ordinary incidents of prison life or the confinement affects the duration of the
27   inmate's sentence. *Id.*  Count II does not present specific allegations of actual fact that
28   ///

4

would tend to establish the deprivation of a protected liberty interest under these standards.

In Count III, plaintiff alleges also that he was retaliated against for his exercise of his First Amendment right of access to the courts and that he was denied due process. Plaintiff alleges that Supervisor Leavitt retaliated against him for filing a lawsuit by: (a) using false charges to deny him a minimum custody level; (b) making statements that plaintiff was someone who filed grievances and/or lawsuits in order to prevent plaintiff from being hired for a prison job; and (c) using gamesmanship to trick plaintiff into signing a waiver for placement into general population.

Count III states a claim for relief under the First Amendment but not also under the Due Process Clause. Plaintiff has no protected liberty interest in either a particular custodial classification level or a prison job. *See, e.g., Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976)(classification level); *Walker v. Gomez*, 370 F.3d 969, 973 (9th Cir. 2004) (prison job).

The complaint further is subject to the following additional deficiencies.

First, plaintiff may not pursue claims against defendants by only listing them in the caption. Plaintiff must also: (a) include the defendant in the listing of defendants in Section "A" of the complaint form; and (b) allege actual factual allegations against the defendant within the counts of the complaint. Plaintiff did not include the State of Nevada, NDOC, and Correctional Officer Mahon in the listing of defendants.

Second, plaintiff in any event may not pursue claims against the State of Nevada and NDOC in federal court. Plaintiff's claims against the State and NDOC, as an arm of the State, are barred by the state sovereign immunity recognized by the Eleventh Amendment. *See, e.g., Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). State sovereign immunity bars suit in federal court against a State or an arm of the State regardless of the relief sought. *See, e.g., Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 100-01 (1984). State sovereign immunity limits the jurisdiction of the federal courts and can be raised at any time during the judicial proceedings either

by the parties or by the court *sua sponte*. *In re Jackson*, 184 F.3d 1046, 1048 (9th Cir. 1999).

Third, the complaint fails to state a claim for relief against Associate Warden Wickham. Plaintiff may not state claims against a defendant by simply listing them in the list of defendants and alleging, in a conclusory manner, that the defendant was notified of the alleged actions of subordinates. All of plaintiff's operative actual factual allegations against all defendants must be stated within the counts themselves.

Fourth, the complaint fails to state a claim for monetary damages against any defendant in their official capacity. Plaintiff's claims for monetary damages against the defendants in their official capacity are barred by the state sovereign immunity recognized by the Eleventh Amendment. *See, e.g., Taylor*, 880 F.2d at 1045; *Cardenas v. Anzal*, 311 F.3d 929, 934-35 (9th Cir. 2002). The official capacity claims further fail to state a claim under § 1983 because a state officer in his official capacity is not a "person" subject to suit under § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 & n.10 (1989).

The Court therefore will dismiss the deficient claims without prejudice for failure to state a claim upon which relief may be granted, with an allowance of an opportunity to amend to correct the deficiencies, to the extent possible.

If plaintiff files an amended complaint, he should note that the "Nature of the Case" portion of the complaint form is to be used only to provide a brief summary of plaintiff's claims. The instructions for the form state:

> Briefly state the general facts about your case. You should give an overview of what happened by informing the court of the background information relating to your claims. This is not the place to provide detailed information about what each defendant did to violate your rights – that should be done in [the counts of the complaint.] Instead, all you are attempting to do in this part of the complaint is to tell the court the factual basis for your action. For example, in this part of the complaint you would inform the court that you allege that defendants failed to follow proper procedures in the disciplinary process.

*Instructions*, at 6. In the present pleading, plaintiff used the "Nature of the Case" to provide detailed supporting factual allegations regarding what the defendants did and

the motivation for their actions.  All allegations instead must be made within the counts in the complaint.

Moreover, as the Court stated in a prior order herein, plaintiff cannot present piecemeal filings setting forth his claims.  All of his allegations instead must be included within the four corners of the amended complaint.  Plaintiff therefore cannot file supplemental materials such as the affidavit (dkt. no. 21) filed on January 13, 2014.  All allegations instead must be included within the amended complaint. Any allegations spread across other fugitive documents filed in the record simply will be disregarded even if the papers otherwise are not formally stricken. Plaintiff can present factual allegations in claims only through properly presented pleadings.  Plaintiff further, in any event, need not establish at the outset, as he attempted to do in the affidavit, administrative exhaustion.  He additionally should not file copies of grievances or other exhibits in the record unless and until he needs to file them in opposition to a motion, such as a motion to dismiss or for summary judgment.

## II.    EXTENSION MOTION

The Clerk of Court issued a notice of intent to dismiss for lack of proof of service in error.  Service is not allowed, much less required, in a prison civil rights action until the Court completes screening *and* expressly directs that service proceed forward.  Until then, plaintiff is under no obligation, indeed is not even allowed, to pursue service.  The Court will grant plaintiff's protective motion for an extension of time — filed after the erroneous notice — to the limited extent that it will expressly confirm that the time for plaintiff to effect service is continued until further order of the Court.

## III.   CONCLUSION

It is therefore ordered that the following claims in the amended complaint (dkt. no. 17) are dismissed without prejudice for failure to state a claim: (a) Counts I and II; (b) the due process claim in Count III; and (c) all claims against all defendants for monetary damages, but not injunctive relief, in their official capacity. The foregoing dismissal constitutes a dismissal of all of the claims asserted against all of the

7

1   defendants with the sole exception of defendant Cary Leavitt, who remains before the
2   Court as a defendant in Count III.  All other defendants in the amended complaint are
3   dismissed by this order.

4        It is further ordered that plaintiff shall have thirty (30) days from entry of this order
5   to file an amended complaint correcting the deficiencies identified in this order, to the
6   extent possible.  If an amended complaint is not timely filed, the action will proceed
7   forward only on the First Amendment claim that currently remains before the Court in
8   Count III. If an amended complaint is filed and it does not correct the deficiencies
9   identified in this order, the action will proceed forward on only the viable claims then
10  presented, including the First Amendment claim unless it is omitted from the amended
11  pleading.

12       It is further ordered that, on any such amended complaint filed, plaintiff shall
13  clearly title the amended complaint as an amended complaint by placing the word
14  "AMENDED" immediately above "Civil Rights Complaint" on page 1 in the caption and
15  shall place the docket number, 2:13-cv-01419-MMD-VCF, above the word "AMENDED"
16  in the space for "Case No."  Under Local Rule LR 15-1, any amended complaint filed
17  must be complete in itself without reference to prior filings. Thus, any allegations,
18  parties, or requests for relief from prior papers that are not carried forward in the
19  amended complaint no longer will be before the Court.

20       It is further ordered that plaintiff's motion for an extension of time (dkt. no. 27) is
21  granted in part, such that the Court confirms that the time for plaintiff to effect service is
22  continued until further order of the Court.

23       DATED THIS 30th day of April 2014.

24

25  MIRANDA M. DU
26  UNITED STATES DISTRICT JUDGE
27

28